# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**CHERYL LOUISE MARCHESE,**

 **Plaintiff,**

**vs.**        **Case No: 4:18cv116-MW/CAS**

**FLORIDA STATE HOSPITAL,**
**et al.,**

 **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, initiated this case on February 27, 2018, by submitting a civil rights complaint to the Clerk's Office, ECF No. 1, and a motion for leave to proceed in forma pauperis, ECF No. 2.  Plaintiff was required to file an amended motion and clarify the basis for her residency at the Florida State Hospital in Chattahoochee, Florida.  ECF No. 3.

Plaintiff then filed an amended motion, ECF No. 4, which states that Plaintiff was deemed "not competent to proceed in a criminal case" and was subjected to involuntary hospitalization.  ECF No. 4.  Plaintiff was granted in forma pauperis status, ECF No. 5, and was not required to pay

an initial partial filing fee.  Plaintiff was, however, required to file an amended civil rights complaint.  ECF No. 5.  Plaintiff did so on April 5, 2018.  ECF No. 6.  Plaintiff also filed another document which she titled as "motion to show cause."  ECF No. 7.

Plaintiff's amended civil rights complaint has been reviewed along with her motion.  Plaintiff contends that Joel Boles, who is not a Defendant, has obstructed justice and made false allegations concerning Plaintiff's mental health.  ECF No. 7 at 1.  She contends that she "has been illegally confined at the Florida State Hospital since September 24, 2017," she states that she "would like to be released or the Florida State Hospital [should] be held liable for holding the Plaintiff without just cause!"  *Id.*  She goes on to allege that she was physically assaulted by six security guards on March 6, 2018.  *Id.* at 3.  She says that she was also assaulted on October 24, 2017, and on January 29, 2018.  *Id.* at 2.  She indicates that she has reported the assaults and an investigation is underway.  *Id.*  She requests that "[w]hile the court is trying to decipher fact from fantasy," she would "like to be released from Florida State Hospital!"  *Id.* at 3.

Plaintiff's complaint names only the Florida State Hospital as Defendant on the first page of the complaint form.  ECF No. 6 at 1.  Plaintiff contends that she "was not mentally ill" and is being held in "illegal

confinement." *Id.* at 2. She asserts that the Hospital has acted "without just cause" and contends that the state court is guilty of obstruction of justice. *Id.* Further, Plaintiff names three other persons as Defendants in page three of the complaint, contending that as "staff employees" they are Defendants' agents." *Id.* at 3. However, the complaint cannot proceed against any of those persons because Plaintiff does not provide any factual allegations which provide a basis for a claim against those individuals.

Moreover, Plaintiff asserts in the complaint that she "is not mentally ill" and is held in "illegal confinement." *Id.* at 4. She further contends that her arrest on April 10, 2015, which led to her confinement is incorrect and the crime for which she is facing charges "did not happen, period." *Id.* She contends that she has been subjected to a "false arrest . . . without a warrant to show just cause." *Id.* at 5. She alleges that she was "illegally removed from her place of residence without her permission." She also states that she "has been made a hostage." *Id.* She seeks to hold the Hospital "liable for the actions of its agent employees" and states that she is a "nervous wreck" because she is "forced to live with people who are mentally ill." *Id.*

Plaintiff asserts claims for illegal confinement based on false charges, "illegal profiteering of another human being for profit," endangerment, and

illegal arrest.  *Id.* at 7.  As relief, Plaintiff seeks to be compensated for her pain and suffering and advises she "would be happy to receive the monetary sum of 2 billion" dollars in damages.  *Id.*

As a civil rights action, Plaintiff provides no factual allegations to support finding that her Constitutional rights have been violated.  Plaintiff's amended complaint is insufficient to state a claim.[1]

More importantly, there are two broad categories of prisoner cases: (1) those challenging the fact or duration of confinement and (2) those challenging the conditions of confinement.  Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).  Habeas corpus is the exclusive remedy to challenge the fact or duration of one's confinement and seek immediate or speedier release.  Heck v. Humphrey, 512 U.S. 477, 481, 114 S.Ct. 2364, 2369 (1994). "[T]he demarcation line between civil rights actions and habeas petitions is not always clear."  Wolff v. McDonnell, 418 U.S. 539, 579, 94 S.Ct. 2963, 2986, 41 L.Ed.2d 935

---

[1]  Moreover, judicial notice was previously taken that Plaintiff has recently initiated numerous cases in this Court.  Case number 4:18cv109-RH/GRJ was filed five days before this case and the complaint there is nearly identical to the complaint originally filed in this case.  Because of the similarity of this case and the complaint filed in case number 4:18cv109-RH/GRJ, Plaintiff was required to file a response to this Order demonstrating why this case should continue separate and apart from case number 4:18cv109, which was filed on February 22, 2018.  ECF No. 5.  Plaintiff did not file a response as required.  Nevertheless, Plaintiff also has not complied with a court order entered in the other case and an order to show cause has been issued in that case by Magistrate Judge Gary R. Jones.

(1974).  Both avenues are open to redress the same constitutional claims.

Wolff, 418 U.S. at 579, 94 S.Ct. at 2986.  However, "only in habeas actions

may relief be granted which will shorten the term of confinement," *Id.*

(citing Preiser, 411 U.S. 475, 93 S.Ct. 1827); *see also* Heck,  512 U.S. at

481, 114 S.Ct. at 2369.  In this case it is clear that Plaintiff is seeking

release from what she claims is an illegal confinement.  That may only be

obtained through a habeas petition and this case cannot provide Plaintiff

relief.

Moreover, to the degree Plaintiff seeks monetary damages for her

confinement, the law is clear that one may not obtain monetary damages

which would collaterally undermine a conviction or sentence.  Preiser v.

Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841, 36 L. Ed. 2d 439

(1973) (prohibiting injunctive relief which would result in speedier or

immediate release from a term of imprisonment); Heck v. Humphrey, 512

U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994) (barring a claim

for monetary damages related to a conviction or sentence until the plaintiff

can show that the conviction or sentence has been invalidated).  "In Heck

v. Humphrey, 512 U.S. 477, 487, 114 S.Ct. 2364, 2372–73, 129 L.Ed.2d

383 (1994), the Supreme Court 'held that a state prisoner's claim for

damages is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor

of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." Edwards v. Balisok, 520 U.S. 641, 643, 117 S.Ct. 1584, 1586, 137 L.Ed.2d 906 (1997) (quoted in Harden v. Pataki, 320 F.3d 1289, 1291 (11th Cir. 2003)).  Put another way, "a state prisoner may not maintain an action under 42 U.S.C. § 1983 if the direct or indirect effect of granting relief would be to invalidate the state sentence he is serving." Spencer v. Kemna, 523 U.S. 1, 21, 118 S.Ct. 978, 990, 140 L.Ed.2d 43 (1998) (quoted in Pataki, 320 F.3d at 1295).  Similarly, Plaintiff is held at the Florida State Hospital after having been found not competent to proceed.  ECF No. 4 at 1.  Plaintiff's involuntary hospitalization is pursuant to a lawful court order and, thus, Plaintiff is not entitled to monetary damages for that involuntary hospitalization.  Plaintiff's case should be summarily dismissed.

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that Plaintiff's amended complaint, ECF No. 6, be **DISMISSED** for failure to state a claim upon which relief may

be granted pursuant to 28 U.S.C. § 1915(e)(2), and the motion to show

cause, ECF No. 7, be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on April 13, 2018.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**